# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **AZAM QURESHI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:10-CV-1522-B (BK)** |
| | § | |
| **ERIC HOLDER,** | § | |
| **Attorney General, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's order of reference dated December 16, 2010, Defendants'

*Motion to Dismiss Amended Complaint* (Doc. 7) has been referred to the undersigned for

Findings, Conclusions, and Recommendation. For the reasons set forth herein, it is

recommended that Defendants' motion to dismiss be **GRANTED**, as the court lacks subject

matter jurisdiction.

## I.  BACKGROUND

Plaintiff, Azam Qureshi, is a citizen and national of Pakistan, and claims to have entered

the United States illegally on October 12, 1981. (Pl. Amend. Comp. at 2). In May 1987, Plaintiff

left the United States to visit his mother in Pakistan. (Pl. Amend. Comp. at 2) He returned to the

United States June 7, 1987, on an F-1 student visa. (*Id*.). Plaintiff subsequently violated the

terms of his visa by working off-campus without authorization. (Pl. Amend. Comp. at 2).

On July 2, 2001, Plaintiff filed a Form I-485, Application to Register Permanent

Residence or Adjust Status, under the Legal Immigration Family Equality (LIFE) Act. (Def. Mot.

at 2-3).  On March 10, 2004, United States Citizenship and Immigration Services (USCIS) denied Plaintiff's LIFE adjustment application and the USCIS Administrative Appeals Office subsequently affirmed the denial. (Def. Mot. at 3).

On December 27, 2005, Plaintiff filed a Form I-687, Application for Status as a Temporary Resident Under Section 245A of the Immigration and Nationality Act (INA), along with a Form I-687 Supplement, CSS/Newman (LULAC) Class Membership Worksheet.  (Def. Mot. at 3; Pl. Amend. Comp. at 3).  On June 16, 2009, USCIS denied Plaintiff's I-687 application.  (Def. Mot. at 3; Pl. Amend. Comp. at 5).  The USCIS Administrative Appeals Office subsequently dismissed Plaintiff's appeal of the denial on May 14, 2010.  (Def. Mot. at 3; Pl. Amend. Comp. at 5).

On August 5, 2010, Plaintiff filed the instant suit under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*., the Mandamus Statute, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201, to compel a favorable decision of his I-687 and I-485. (*See* Pl. Orig. Comp.).  On November 2, 1010, Plaintiff filed his *Amended Complaint* seeking to compel a favorable decision of his forms I-687 and I-485, as well as the re-issuance of his employment authorization card, which Plaintiff claimed had been unlawfully withheld.  Subsequently, on November 12, 2010, USCIS denied Plaintiff's I-765 application for employment authorization. (Def. Mot. at 5).  Defendants now move the Court to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction.

## II.  ANALYSIS

### A.  <u>Standard of Review</u>

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998).  Absent jurisdiction conferred by statute or the Constitution, district courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998).  Pursuant to Rule 12(b)(1), a court must dismiss any action for which the court lacks statutory or constitutional authority to adjudicate.  *Home Builders Ass'n of Miss.,* 143 F.3d at 1010.

A court may dismiss a case for which the court lacks subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of the disputed facts.  *Rodriguez v. Christus Spohn Health System Corporation, et al*, No. 10-40371, slip op. at 3 (5th Cir. Dec. 23, 2010), citing *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (same).

A cause is presumed to lie outside of the court's limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction, in this case the plaintiff. Id. Therefore, plaintiff constantly bears the burden of proof that jurisdiction does in fact exist at all stages of the litigation. *Eberhardt v. EMC Mortg. Corp.*, No. 4:05-CV-315-A, 2005 WL 1704465 (N.D. Tex. July 19, 2005)(citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  Having failed to respond to Defendant's motion, Plaintiff has not carried his burden of establishing jurisdiction.  Nevertheless, this Court has analyzed the question of whether the

District Court has subject matter jurisdiction to adjudicate Plaintiff's claims, and concludes that it does not.

**B. <u>The Court Lacks Subject-Matter Jurisdiction</u>**

1. <u>Judicial review of Plaintiff's I-687 and I-485 applications is not authorized</u>.

The District Court does not have jurisdiction to hear a challenge to the denial of Plaintiff's legalization applications. The LIFE Act states that "the provisions of subparagraph (A) and (B) of 8 U.S.C. § 1255a(f)(4) shall apply to the administrative or judicial review of a determination under this subsection or of a determination respecting an application for adjustment of status under 8 U.S.C. § 1255a filed pursuant to this section." LIFE Act, PL 106-553 § 1104(f). Under section 1255(a)(f)(4), "[t]here shall be judicial review of such a denial only in the judicial review of an order of deportation." Thus, district courts lack subject matter jurisdiction to review the denial of an application for adjustment of status under the INA and the LIFE Act unless such review is in conjunction with review of an order of removal. *Reno v. Catholic Social Serv., Inc.*, 509 U.S. 43, 54 (1993); *Hussain v. United States*, No. 09-cv-895, 2009 WL 2413260 at *3-4 (E.D.N.Y, Aug. 3, 2009).

Here, Plaintiff is not currently in removal proceedings, nor has an order of removal been issued against him. (Def. Mot. at 10). Accordingly, the District Court does not have jurisdiction to review the denial of Plaintiff's applications.

Furthermore, Plaintiff filed the instant suit pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*., the Mandamus Statute, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201. The Administrative Procedure Act does not provide the basis for Plaintiff's claim because it only allows judicial review of nondiscretionary duties. *Norton v.*

*Southern Utah Wilderness Alliance*, 542 U.S. 55, 64-65(2004); 5 U.S.C. § 701(a)(2). The

adjustment of status is a discretionary duty. 8 U.S.C. § 1255(a) (the status of an alien "**may be**

**adjusted by the Attorney General, in his discretion** and under such regulations as he may

prescribe, to that of an alien lawfully admitted for permanent residence.") (emphasis added). The

district court also lacks jurisdiction under 28 U.S.C. § 1361, as "mandamus jurisdiction does not

attach to compel the favorable adjudication of [an] adjustment application." *Hussain*, 2009 WL

2413260 at *4. In addition, mandamus is not available to review the discretionary acts of

officials. *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir.1992). Finally, the Declaratory

Judgment Act provides no basis for jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339

U.S. 667, 671 (1950).

    2. Plaintiff's claim regarding his I-765 application is moot.

    As stated previously, USCIS denied Plaintiff's I-765 application for employment on

November 12, 2010. Therefore, Plaintiff's claim that a determination on his application has been

unlawfully withheld is moot. Federal courts may only adjudicate "actual, ongoing cases or

controversies." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). An actual controversy must

exist at all stages of review and any set of circumstances that eliminates an actual controversy

renders the action moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th

Cir.2006). Although there are exceptions to the mootness doctrine; none of them apply here as

Plaintiff is no longer eligible for the benefit of employment due to the dismissal of his appeals of

his legalization applications. *See Texas Office of Public Utility Counsel v. F.C.C.*, 183 F.3d 393,

FN. 17 (5th Cir. 1999); 8. C.F.R. § 274a.12(c)(22). Therefore, the Court lacks subject matter

jurisdiction over Plaintiff's I-765 application as USCIS has denied the application and Plaintiff is

no longer eligible to apply.

## III. RECOMMENDATION

The Court recommends that Defendants' *Motion to Dismiss Amended Complaint* be

**GRANTED**.

**SO RECOMMENDED** December 27, 2010.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE